```
                            United States Bankruptcy Court
                            Northern District of California
In re:                                                                      Case No. 14-54584-SLJ
Richard Alan Pierce                                                         Chapter 13
         Debtor
                                     CERTIFICATE OF NOTICE
District/off: 0971-5            User: mtartagli                 Page 1 of 2              Date Rcvd: Nov 25, 2014
                                Form ID: pdfpln                 Total Noticed: 41


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 27, 2014.
db            +Richard Alan Pierce,    1875 Blossom Hill Rd,    San Jose, CA 95124-6143
smg          ++CALIFORNIA STATE BOARD OF EQUALIZATION,    ACCOUNT REFERENCE GROUP MIC 29,    P O BOX 942879,
                SACRAMENTO CA 94279-0029
               (address filed with court: State Board of Equalization,
                Attn: Special Procedures Section, MIC:55,    P.O. Box 942879,    Sacramento, CA  94279)
reqntc        +BMW Financial Services NA, LLC,    Ascension Capital Group,    P.O. Box 201347,
                Arlington, TX 76006-1347
13893818      +ARC Document Solutions,    1981 N Broadway #385,    Walnut Creek CA 94596-8214
13893817      +AllianceOne Receivables Mgmt,    6160 Mission Gorge Rd #300,    San Diego CA 92120-3449
13893819      +Arcadia Recovery Bur,    PO Box 512020,    Los Angeles CA 90051-0020
13897611      +Attn: BMW Bank of North America Department,    Ascension Capital Group,    P.O. Box 201347,
                Arlington, TX 76006-1347
13893812    ++++CA CHECK CASHING,    6785 BOBCAT WAY STE 300,    DUBLIN OH  43016-1443
               (address filed with court: CA Check Cashing,    7001 Post Rd #300,    Dublin OH 43016)
13893820      +Capital One,    PO Box 60599,    City of Industry CA 91716-0599
13893822      +Commercial Trade Inc,    PO Box 10389,    Bakersfield CA 93389-0389
13893823      +Fifteen Dollar Rooter Sewer + Drain,    PO Box 26942,    San Jose CA 95159-6942
13893824     #+Financial Pacific Insurance,    PO Box 45376,    San Francisco CA 94145-0376
13893825      +GB Collects,    145 Bradford Dr,    W Berlin NJ 08091-9269
13893826      +Goldstein Enright,    601 California St #1500,    San Francisco CA 94108-2820
13893827      +Good Samaritan Hospital - Columbia,    PO Box 99400,    Louisville KY 40269-0400
13893828      +Granite Creditors Svc,    PO Box 228,    Pacifica CA 94044-0228
13893829      +Great American Plumbing Co,    PO Box 26942,    San Jose CA 95159-6942
13893813      +Joel + Dena Gambord + Wells Fargo, Trustees,    Gambord CRT c/o Ventana Property Svc,
                975 High St,    Palo Alto CA 94301-2423
13893830      +Labor Commissioner - Cal D/LSE,    100 Paseo de San Antonio #120,    San Jose CA 95113-1402
13893831      +Mark Feldman Esq,    11030 Santa Monica Blvd #109,    Los Angeles CA 90025-7553
13893833      +Pace Supply Corp,    c/o William Hatcher Esq,    114 Pierce St,    Santa Rosa CA 95404-6623
13893814      +Premier One Credit Union,    140 Asbury St,    San Jose CA 95110-2105
13893834      +Radiological Assoc Med Gr,    2410 Samaritan Dr #102,    San Jose CA 95124-3909
13893835      +Richard Price II Esq,    1235 N Harbor Blvd #200,    Fullerton CA 92832-1349
13893837      +Sandman Inc dba Star Concrete,    1404 S 7th St,    San Jose CA 95112-5927
13893838      +Stanford Hospital + Clinics,    PO Box 742136,    Los Angeles CA 90074-2136
13893839      +Todd Rothbard Esq,    100 Saratoga Ave #200,    Santa Clara CA 95051-7337
13893840      +UA Local 393,    c/o Mark Renner Esq,    2125 Canoas Garden Ave #120,    San Jose CA 95125-2171
13893841      +UA Local 393 Pension Trustees,    c/o Mark Renner Esq,    2125 Canoas Garden Ave #120,
                San Jose CA 95125-2171
13893842      +USS Cal Builders,    8051 Main St,    Stanton CA 90680-2452
13893843      +Valley Yellow Pages,    1850 N Gateway Blvd. #132,    Fresno CA 93727-1626

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: itcdbg@edd.ca.gov Nov 26 2014 02:23:07     CA Employment Development Dept.,
                Bankruptcy Group MIC 92E,    P.O. Box 826880,    Sacramento, CA  94280-0001
smg            E-mail/Text: BKBNCNotices@ftb.ca.gov Nov 26 2014 02:24:09     CA Franchise Tax Board,
                Attn: Special Procedures,    P.O. Box 2952,    Sacramento, CA  95812-2952
smg            E-mail/Text: cio.bncmail@irs.gov Nov 26 2014 02:22:52     IRS,    P.O. Box 7346,
                Philadelphia, PA  19101-7346
13893810      +E-mail/Text: ally@ebn.phinsolutions.com Nov 26 2014 02:22:15      Ally,    PO Box 9001948,
                Louisville KY 40290-1948
13893811      +E-mail/Text: bankruptcynotices@bmwfs.com Nov 26 2014 02:23:42      BMW Financial,    PO Box 78066,
                Phoenix AZ 85062-8066
13893821       E-mail/Text: bankruptcy@cashcall.com Nov 26 2014 02:24:06      CashCall,    PO Box 66007,
                Anaheim CA 92816
13893815      +E-mail/Text: BKBNCNotices@ftb.ca.gov Nov 26 2014 02:24:09      Franchise Tax Board - SPF,
                PO Box 2952,    Sacramento CA 95812-2952
13893832      +E-mail/Text: bankruptcydepartment@ncogroup.com Nov 26 2014 02:23:29      NCO Financial,
                507 Prudential Rd,    Horsham, PA 19044-2368
13893836      +E-mail/Text: billing@safetyservicescompany.com Nov 26 2014 02:23:10      Safety Services Co,
                PO Box 27148,    Tempe AZ 85285-7148
13893844      +E-mail/Text: vci.bkcy@vwcredit.com Nov 26 2014 02:23:22      Volkswagen Credit,    PO Box 7572,
                Libertyville IL 60048-7572
                                                                                               TOTAL: 10

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13897612*     +Attn: BMW Bank of North America Department,    Ascension Capital Group,    P.O. Box 201347,
                Arlington, TX 76006-1347
13893816*     +IRS - Insolvency,    PO Box 7346,    Philadelphia PA 19101-7346
                                                                                               TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
              ***** BYPASSED RECIPIENTS (continued) *****
```

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 27, 2014                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 25, 2014 at the address(es) listed below:
```
            Devin  Derham-Burk     ctdocs@ch13sj.com
            Norma L. Hammes    on behalf of Debtor Richard Alan Pierce goldandhammes@ecf-document-robot.com
            Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov, ltroxas@hotmail.com
                                                                                      TOTAL: 3
```

# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In re:

Richard Alan Pierce

Case No.

Chapter 13 Plan

_____/
Debtor(s)

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $1,500 each month.

   Initial attorneys fees are requested in the amount of $6,800.  ☐ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. Sec. 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
   |---|---|---|---|---|
   | Ally | 12,500 | n/a | 70 | 4.80% |
   | CA Check Cashing | 12,000 | n/a | 50 | 4.80% |
   | Joel + Dena Gambord + Wells Fargo, Trustees | 9,160 | n/a | 150 | 4.80% |
   | Premier One Credit Union | 19,250 | n/a | 195 | 4.80% |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. Sec. 507.
   (d) On allowed general unsecured claims as follows:
      X at a rate of _zero_ cents on the dollar. The estimated term of the plan is _60_ months. (Percentage Plan)
      __ the sum of $_____ payable over ____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in paragraph 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of the petition date. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts or leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

   | Name | Monthly Payment | Name | Monthly Payment |
   |---|---|---|---|
   | ARC Document Solutions | $300 | J+D Gambord + Wells Fargo, Trustees | $3,192 |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   X revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   __ revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose, pursuant to 11 U.S.C. Sec. 1322(b): The claim of BMW Financial secured by the 2010 BMW 650i shall be paid in full from the anticipated insurance proceeds. Debtor assumes the business premises lease for 1631 Rogers Ave, San Jose CA with Joel + Dena Gambord + Wells Fargo, Trustees of the Gambord CRT. Pre-petition arrears owed on said lease are cured through this plan, pursuant to paragraph 2(b) above.

Dated: 11-13-14

_____
Debtor, Richard Alan Pierce

Rev. 12/06

## Notice to Creditors Regarding Plan Provisions

**Binding Effect of the Plan**: The plan will be binding upon creditors if approved at a confirmation hearing. You should review the plan carefully as your legal rights may be affected. You may wish to seek legal advice to understand its terms and to protect your rights.

**Written Objection to Confirmation**: If you disagree with the terms of this plan, you must file a written objection with the U.S. Bankruptcy Court by the date of the Meeting of Creditors and serve it upon the trustee and debtor's attorney or, if not represented by an attorney, the debtor. If you fail to file a timely written objection to confirmation of this plan and the plan is confirmed by the court, you will be bound by its terms.

**Plan Payment**: The debtor must make the first payment proposed by the plan within 30 days after the plan is filed or the order for relief is entered, whichever is earlier, or the case may be dismissed without further notice.

**Proof of Claim**: To receive payments, you must file a proof of claim. You may file the proof of claim electronically if you are a registered participant for electronic filing. If not, a blank claim form is enclosed for your use. The form must be fully executed, legible and you must attach any required documentation. It must be filed with the court and served upon the debtor's attorney or, if not represented by an attorney, the debtor.

**Distribution of Funds**: Payments will be disbursed by the chapter 13 trustee consistent with 11 U.S.C. § 1326(b)(1) and according to the plan. Creditors secured by personal property will receive adequate protection payments contemporaneous with other administrative claims. Non-administrative priority and unsecured claims under 11 U.S.C. § 507 will be made in their order of priority, except that allowed claims under § 507(a)(1)(B) which may be listed as an optional provision of the plan will be paid after other priority claims. Payments must be credited in accordance with the terms of the plan and § 524(i).

**Treatment of Secured Claims**: The valuations shown will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less. The remaining balance of any partially-secured claim will be treated as a general unsecured claim. If the time value of money (interest rate) is not specified, it will be paid at an annual rate of seven percent (7%).

**Adequate Protection Payments**: Subject to the trustee's monthly disbursement cycle, the trustee will disburse adequate protection payments commencing within 30 days after a proof of claim is properly filed, documenting the nature and extent of a claimed lien. Adequate protection payments may be no less than the monthly depreciation of the collateral.

**Proposed Compromise**: If the debtor has proposed a compromise affecting your collateral, you may either accept, reject or renegotiate the proposed compromise. If you reach an agreement, the resulting claim will be treated as a secured claim under § 506 and the plan may be confirmed. If you do not affirmatively agree, you must file an objection to confirmation (see above), and the confirmation hearing will be continued for consideration of a modified plan.

## Order Establishing Procedures for Objection to Confirmation

1. **Placement on Trustee's Pending List and Hearing Taken Off Calendar:** If an objection to confirmation is filed or a case is otherwise not ready for confirmation based on deficiencies, such as defaults on plan payments, the Trustee will file a Trustee's Statement of Non-Readiness for Confirmation at least 10 days before the confirmation hearing. The court will serve a notice indicating that the case has been placed on the Trustee's Pending List ("TPL") and that no appearances are expected, the plan will not be confirmed, and the matter will be taken off calendar at the confirmation hearing.

2. **Procedures for Restoring Matter to Confirmation Calendar:** A case that is on the TPL may be restored to the confirmation calendar as follows:

   a. To restore the matter to the Uncontested Confirmation Calendar, the Trustee will file a Trustee's Statement of Resolution when all outstanding objections are resolved, deficiencies have been cured, and the debtor(s) is current on plan payments. The Trustee's docketing of the Statement of Resolution will cause the court to issue a notice that the restored confirmation hearing is set on the date of the next available Uncontested Confirmation Calendar and to serve the notice on parties in interest.

   b. To restore a contested confirmation matter to calendar so the court can resolve factual or legal issues, any party in interest (including the debtor(s)) may file and serve in conformity with B.L.R. 9014-1(a) a Notice of Hearing and Certificate of Service on 28 days' notice to parties in interest. The matter may be set on any Contested Confirmation Calendar date posted on the court's website, but only if these three conditions are met: (1) the § 341 meeting has concluded; (2) the parties have met and conferred in good faith (in person or by telephone); and (3) the dispute is ready to be submitted for resolution, trial setting, evidentiary hearing, or briefing.

   No later than 14 days before the hearing, the noticing party shall file a Chapter 13 Status Conference Statement identifying: (a) the disputed factual and legal issues; (b) the date and time when the parties conferred; and (c) the time estimate for trial or argument. If the Chapter 13 Status Conference Statement is not timely filed, the matter will be stricken from calendar. Matters stricken from the Contested Confirmation Calendar must be re-noticed for hearing by submitting a new Notice of Hearing, Certificate of Service, and Chapter 13 Status Conference Statement.

**IT IS SO ORDERED:**

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

CHARLES NOVACK
UNITED STATES BANKRUPTCY JUDGE

STEPHEN L. JOHNSON
UNITED STATES BANKRUPTCY JUDGE